Rohn, J.
On January 26,- 1892, the plaintiff in error in this case filed its petition in the court below against Bernard Lobenthal, John Lobenthal, The Citizens National Bank of Gallon, Dill and Reister, H. C. Carhart and John J. Shumaker, for the purpose of obtaining a judgment against Bernard'- and John Lobenthal upon two certain promissory notes, and foreclosing a certain chattel mortgage upon personal property, described in its petition. The defendants, The Citizens National Bank of Galion, Dill & Reister, H. C. Carhart and John J. Shumaker were made parties defend-ant in the action on the ground that they claimed some interest in the property described in plaintiff’s petition, which it was asserted, was subordinate to its claim.
- To this petition, The Citizens National Bank of Galion filed its separate answer and cross-petition, asking judgment against Bernard and John Lobethal upon a balance due it upon a certain promissory note for $600,and also,the foreclosure of a certain chattel mortgage given to secure the same. John J. Shumaker answered separately, also, to the petition of the plaintiff, first by answer, and secondly by an amended answer,-alleging, in substance, that in May, 1891, be, with the consent and authority of the defendant, The Citizens National Bank of Galion, and with the knowledge and approval of the defendants, Bernard and John Lobentfhal, purchased a certain Mansfield Traction Engine, for the sum of $425, its full value, which sum was paid to the bank, and credited upon the Lobenthal note; and which engine' was at that time included in. the chattel mortgage of said bank securing its note of $600; and that by reason of such purchase and payment he, Shumaker, was subrogated to all the rights and equities of the bank in and to said traction engine, by virtue of the chattel mortgage in favor of the bank to the amount paid therefor. This same engine is claimed by the plaintiff in this case by reason of its mort *345 gage, though given subsequently to the mortgage held' by the' bank-. ....
Upon substantially this state’of facts issue was made up and a-trial had'in tie court below, which found the equities in relation to the engine in controversy in favor of the defendant John J‘. Shumaker, and rendered judgment accordingly. The plaintiff now prosecutes error in this court, alledging error:
First, in over-ruling its motion for a new trial.
Second, Error in over-ruling the plaintiff’s motion ' to make amended answer of -defendant John J. Shumaker more definite and certain.
• Third, that the facts set forth in the answer and amended answer of the defendant John J. Shumaker, are not sufficient in law to maintain the action or support the judgment against the plaintiff in error, ■
Fourth, that the judgment was given for said John J. Shumaker and the Citizens National Bank of ’Gabon, when' it ought to have been given for the plaintiff.
The first error assigned, is the overruling the motion of the plaintiff for a new trial. This assignment of error, includes-all the other assignments, and, consequently, all will be considered together or under one head’.
The undisputed facts in this case, as disclosed from’ the record and proceedings, are:
First, that the defendants Bernard Lobenthal and John Lobenthal,on or about the 19th day of April, 1890, executed and delivered their certain chattel mortgage to one A. F. Lowe to secure the payment of a note to said Lowe for the sum of $600, and that among the property thus mortgaged was an engine known as ‘‘A Mansfield Traction Engine.”
Second, that the mortgage thus received by Lowe was deposited'with the Township Clerk of Jefferson Township, Crawford County, Ohio, on the 21st day of April, 1890, -it, *346 being averred, and not denied, that the mortgagees lived in that township, and the mortgage was properly filed as required by section 4151, Rev. Stat.
Third, that on or about the time of the execution and delivery of said mortgage and note, Lowe, who was then the cashier of the Citizens National Bank of Gabon, transferred the same to such bank.
Fourth, that the mortgage was re-filed, as follows:
March 26, 1891, by A. F. Lowe, Cashier of Bank; March 15, 1892, by A. F. Lowe, Cashier of Bank; March 9, 1893, by A. F. Lowe, Cashier of Bank; March 8, 1894 by A.’ F. Lowe, Cashier of Bank.
Fifth, That on the 10th day of July, 1890, the plaintiff in this action, the O. S. Kelly Company, obtained from the defendants Bernard and John Lobenthal, a certain chattel mortgage, securing two promissory notes mentioned and described in this petition, and conveying, among other property, the same “Mansfield Traction Engine” described in the first mortgage to Lowe — there being no question but that .this mortgage was properly filed and re-filed, until the commencement of this action.
Sixth, That this engine, covered by both mortgages, was purchased by John J. Shumaker for $425 cash, from Bernard and John Lobenthal, with the full consent of The Citizens National Bank of Gabon which then held Lobenthal’s note for $600 secured by this mortgage made to Lowe, and which also had possession of the engine in question; and, further, that the amount of the purchase money of the engine was, by common consent and agreement of the Lobenthals, Shumaker and the bank, credited as part payment on the $600 note held by the bank, and the bank relinquished all claim to the engine in question after receiving its full value in money.
The whole and sole contention comes up between the plaintiff, The O. S. Kelly Co., and the defendant John J. Shumaker.
*347 From the facts as they now appear, the plaintiff claims that by virtue of its mortgage it has'the first and best lien on the engine in question, and-asks to have the same sold, and the proceeds applied toward the payment of its judgment secured by the ^consideration of the court below, against the Lobenthals on the notes secured by its mortgage.
The defendant_°John J. Shumaker asks to be subrogated to all the rights and equities bf the Citizens National Bank, in and to the mortgage held by it, covering this same engine -and securing the same note upon which it credited the $425 paid by him for the en'gine.
1. It is evident, before the defendant Shumaker can claim subrogation to the rights and equities of the bank by •and through the mortgage executed by the Lobenthals to Lowe, that it must first appear to the satisfaction^ of the court, that the chattel mortgage so held by the bank was in all respects perfect, and created a good and sufficient lien on the engine in question, prior to the mortgage of the plaintiff company. This raises the question, as made by the pleadings and evidence, whether the Lobenthal-Lowe •mortgage, which it is conceded was executed prior to the mortgage of plaintiff, was properly re-filed end kept alive under the statutes of this state by the bank until the commencement of this action. It is unnecessary to do more than refer to the question relating to the filing of the mortgage in the proper township of Jefferson, for the reason, as stated before, it is averred and not denied, that the Lobenthals resided in the township where the mortgage was filed. Then the only question regarding "the sufficiency of the Lobenthal-Lowe mortgage relates as to whether the same was properly, re-filed within thirty days preceding th.e expiration of each successive year, as provided by the statutes of this state, until the commencement of this action. For *348 this purpose it will only be necessary to consider the first re-filing made March 26, 1891, as, before the expiration of the next year, this action was commenced, to wit: January 26, 1892. It is claimed by the able argument of plaintiff’s counsel, that there is nothing to indicate any connection between the amount claimed by Lowe when the mortgage was executed and the amount claimed upon the re-filing referred to — that is: that the amount claimed in the first instance was from Bernard and John Lobentbal, and upon re-filing from Bernard alone and that it does not correspond with the conditions of the mortgage. For a proper determination of this question it is only necessary to refer to sections 4154 and 4155 of the Revised Statutes of the state, which provides:
“Section 4154. The mortgagee, his agent, or attorney, shall, before the instrument is filed, state thereon, under oath, the amount of the claim, and that it is just and unpaid, if given to secure the payment of a sum of money only; and if given to indemnify the mortgagee against a liability as surety for the mortgagor, such sworn statement shall set forth such liability, and that the instrument was taken in good faith to indemnify against loss that may result therefrom. ”
“Section 4155. Every mortgage so filed shall be void, as ■against the creditors of the person making the same, or ■against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless, within thirty days next preceding the expiration of the said term of one year, a true copy of such mortgage, together with a statement verified as provided in the last section, together with a statement exhibiting the interest of the mortgagee in the property at the time aforesaid, claimed by virtue of such mortgage, is again filed in the office where the original was filed.’’
These statutes we think have been substantially complied with by A. F. Lowe, Cashier, or in other words, agent for the bank. It nowhere appears necessary for the person, authorized to make the affidavit under the statute for the *349 re-filing of a chattel mortgage, to name or enumerate the mortgagors, or to, as in this case, state under oath more than the amount of the claim, that it is just and unpaid, together with a statement exhibiting the interest of the mortgagee in the property at the time the same is made and claimed by virtue of the mortgage. Was the interest of the then mortgagee exhibited by the affidavit made? We think it was, as it advised all parties interested of the interest of the bank in the property covered by the mortgage. This being true, we think the chattel mortgage was properly refiled, and was, at the time of the commencement of this action, superior to the mortgage of plaintiff.
2. The next and only question which remains for the court to consider, can the defendant Shumaker, as purchaser from the Lobenthals and bank of the engine, be subrogated to the rights and equities of the bank in and to the mortgage covering the same as against the mortgage of plaintiff? It is claimed,and not without reason, on the part of the plaintiff’s counsel, that subrogation in this case cannot be made in favor of Shumaker, because “one of the prerequisites to the exercise of the right of subrogation is the complete discharge of the debt: a partial payment will not suffice.” In other words,that before Shumaker could claim subrogation, he would have been compelled to discharge the entire debt due the bank; and that the bank’s rights would' have to “be entirely divested,” before Shumaker could be substituted or subrogated in its place as to its rights under the mortgage. Subrogation is the substitution of another person in the place of a creditor, to' whose rights he succeeds in relation to the value of the property, not exceeding the original debt. This sounds purely in equity, and is founded upon equitable principles, It is an equitable assignment by 3ubrogation, and “is enforced” says Pomeroy’s Equity, vol. 3, sec. 1211, “whenever the person making the payment stands in such relations to the premises or to *350 the other parties that his interests, recognized either by law or by equity, can only be fully protected and maintained by regarding the transaction as an assignment to him, and the lien of the mortgage as being kept alive, either wholly or in part, for his security and benefit.” And Pomeroy further says in the succeeding section, ‘‘The doctrinéis also justly extended, by analogy, to one who, having no previous interest, and being under no obligation, pays off the mortgage or advances money for its payment, at the instance of a debtor party, and for his benefit; such a person is in no true sense a mere stranger and volunteer.”
Applying these principles to the question under consideration, can it be said that Shumaker was a mere ‘‘stranger and volunteer,” when at the instance of Lobenthal and the bank, he paid his money, full value as shown by the evidence, for the engine? But it is said Shumaker did not pay the entire debt due the bank. That is true, but he paid the entire debt to the bank in so far as the bank had any claim against the engine; it released the engine to Shumaker so far as its claim was concerned; it looked to other property covered by the mortgage for the balance of the debt due to it from the Lobenthals; and a majority of the court are of the opinion that there can be no trouble íd extending the equitable doctrine of subrogation or assignment of this mortgage, under all the circumstances, to Shumaker for his protection for the full amount paid by him to apply on the mortgage debt to the bank. There can be no conflict between the bank and Shumaker, as the bank claims no interest in the property purchased from it, and there cah be no trouble in extending to Shumaker all the rights and equities which the bank had in and to the mortgage covering the engine in question.
There can be no doubt of the equities in this case being with Shumaker' — be gains nothing by the result of this suit, *351 except a protection, by the court, of an article of personal property for which he paid full value. The plaintiff, on the other hand, loses none of its security which it had in the first instance, and still has, subject to the prior existing mortgage held by the bank, and now extended to Shumaker for his protection. - ■
Edward Vollrath, for Plaintiff in Error.
Finley, Beer & Bennett, for Defendant in Error.
A majority of the court are of the opinion that there was no error in the proceedings and judgment of the court below, and finding that the equities were with the defendant John J. Shumaker, the judgment of the court below will, therefore, be affirmed, with'costs. Execution awarded and cause remanded for execution.
Price, Judge, dissents.